IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kenneth L. Wright, ) | |
| ) | Civil Action No. 8:08-691-GRA-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| J. Manley, Deputy Sheriff Anderson ) | |
| County, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56. [Doc. 19.]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on February 28, 2008, seeking damages for alleged civil rights violations. Specifically, the plaintiff contends that the defendants improperly transported him across state lines, in the absence of a warrant or order authorizing the same. The plaintiff further contends that the defendants were deliberately indifferent to serious medical needs, which he allegedly suffered in a vehicular accident during the contested transport.

**APPLICABLE LAW**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific,

material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

**I.     Kidnaping**

The plaintiff's first and primary complaint is that he believes he was "kidnaped" by the defendants, while being transferred from the Allendale Correctional Facility to the Anderson County Detention Center. Specifically, while in route between the two facilities, the patrol vehicle in which the plaintiff was being transported was involved in an accident in Augusta, Georgia. (Manley Aff. ¶ 3.) The plaintiff contends that the defendants were not operating under a warrant or order that would have permitted them to transport him across state lines and through Augusta, Georgia. He contends, therefore, that it was an improper seizure in violation of the Fourth Amendment.

The plaintiff is mistaken. The relevant transport orders clearly authorize the transport of the plaintiff from Allendale to Anderson (Bannister Aff., Exs. A, B), and the transporting officer has sworn that his typical route between the two destinations follows "South Carolina Highway 28 to Augusta and then Highway 125 to Allendale." (Bannister

Aff. ¶ 2). The plaintiff has not offered any evidence that this route is unreasonable in any respect. Moreover, the Court is unaware of any authority which would have prohibited the incidental and momentary transport of an inmate across state lines in route between two intra-state destinations, pursuant to a valid court order, which did not expressly prohibit the same. The plaintiff has not directed the Court's attention to any relevant decisions or statutes and the Court has not identified any on its own.

The plaintiff's claim, therefore, must fail.

## II.     Deliberate Indifference

The plaintiff also argues that the defendants were deliberately indifferent to his medical needs, which he sustained as a result of the above-described accident.

The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). This obligation arises from an inmate's complete dependence upon prison medical staff to provide essential medical service. *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id.* at 104.

"Deliberate indifference is a very high standard." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir.1999). In *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) the Fourth Circuit

Court of Appeals noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Id*. (citation omitted). Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *See Estelle*, 429 U.S. 104; *Farmer v. Brennan*, 511 U.S. 825 (1994); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir.1986). In other words, the plaintiff must show, objectively, that he had a serious medical need, and, subjectively, that the defendants were deliberately indifferent to it.

The plaintiff's allegations are peculiar in light of the evidence before the Court. The plaintiff not only contends that he was denied treatment as a result of the accident but that he was unconscious for an entire day following his injury. These allegations are directly contradicted by the traffic report for the incident, which indicates that the passenger was conscious and expressly declined to be transported to a medical facility. (Def. Ex. 2.) The plaintiff has not responded in any respect to this evidence. He has not produced any evidence suggesting that the traffic report reflects an error and that he was, in fact, unconscious and/or requested transport to a medical facility.

Moreover, as to the objective element of the plaintiff's claim, the plaintiff has failed to even allege the physical injuries which he believes he has suffered much less to create issues of fact as to their severity. He states that he "does not know the medical terms for

the injuries he sustained being his [sic] described unconsciousness could very well have a form of amnesia." (Pl. Resp. at 2.)  Rather, he generically avers that has suffered "internal injuries to head/ in chest area and left lower leg." (Compl. at 5.)  The plaintiff does not describe his symptomology, emphasize any specific medical records, explain how his injuries affect his daily living, or argue that they were at any time life threatening.

The defendants evidence, by contrast, indicates that when the plaintiff was screened for admission into the detention center on the same day of the accident, he had no obvious pain or bleeding or other symptoms suggesting the need for emergency services, he had no visible signs of trauma or illness, and he did not need to be sent to the emergency room prior to his booking. (Goolsby Aff., Ex A.)  The booking report was signed by the plaintiff.  *Id*.   Additionally, the medical records of the Anderson County Detention Center generally reflect that the plaintiff received considerable medical care from nurses and doctors for a laundry list of maladies ranging from coughs and rashes to generalized complaints of chest pain which resulted in an EKG that came back normal. (See generally Hampton Aff., Exs.; Langston Aff., Exs.).

The plaintiff has simply failed to create any issue of fact that he suffered an objectively severe injury.

The plaintiff complains that he was only prescribed pain medication and that he should have been taken to the hospital for an MRI or a Cat-Scan.  But, as stated, the plaintiff has made no effort to explain why or for what ailments, more treatment or

examination was required. Although the United States Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir.1988). Furthermore, the type and amount of medical care is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga.1994). The mere fact that a prisoner may believe he had a more serious injury or that he required better treatment does not establish a constitutional violation. *See, e.g., Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir.1975) ("The affidavits submitted to the District Court reflect that Russell was under constant medical supervision from the time of his arrival at Botetourt. Questions of medical judgment are not subject to judicial review.").

Because there is no evidence that the defendants were deliberately indifferent to any serious medical need of the plaintiff, any supervisory liability claims would, therefore, would fail as well.

**CONCLUSION**

Wherefore, based on the foregoing, it is RECOMMENDED that the defendants' Motion for Summary Judgment [Doc. 19] be GRANTED and the plaintiff's entire case be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

January 13, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).