UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Kenneth L. Wright, | ) | C/A No.: 8:08-cv-691-GRA |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| J. Manley, Deputy Sheriff of Anderson County, et. al., | ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. filed January 13, 2009. The plaintiff filed the Complaint on February 28, 2008 pursuant to 28 U.S.C. § 1983 seeking damages for alleged civil rights violations. The magistrate's Report and Recommendation recommends dismissing the complaint for lack of jurisdiction. For the reasons stated herein, the court adopts the Report and Recommendation in whole and dismisses the complaint with prejudice.

### Standard of Review

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a pro se litigant to allow

for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Plaintiff filed objections on January 26, 2009.

## Discussion

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the

magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

The plaintiff offers several objections and references specific portions of the Report and Recommendation. However, Plaintiff's Objections merely reargue and restate the issues that were set forth in his Complaint. The plaintiff offers no legal support for his claims and fails to direct the Court to a specific error. The issues and purported objections were correctly addressed by the magistrate and this Court will not address the issues a second time. Therefore, the objections lack specificity to trigger *de novo* review and will not be addressed.

## Conclusion

After a thorough review of the magistrate's Report and Recommendation and the objections thereto, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE ORDERED that Plaintiff's Complaint is DISMISSED with prejudice.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
February   4  , 2009

**[Notice of Right to Appeal on Following Page]**

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**